IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASMINE JACKSON, on behalf of herself and others similarly situated, | § § § | |
| *Plaintiff* | § § | CIVIL ACTION NO. 17-cv-3137 |
| v. | § § | JURY TRIAL DEMANDED |
| SUTHERLAND GLOBAL SERVICES, INC. | § § § | |
| *Defendant*. | § § | |

<u>PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Jasmine Jackson ("Plaintiff" or "Jackson"), on behalf of herself and others similarly situated, file this Original Collective Action Complaint against Sutherland Global Services, Inc. ("Defendant" or "Sutherland"), showing as follows:

## I. SUMMARY

1. Sutherland is a business process and technology management services company, with nearly 40,000 employees.

2. Sutherland misclassifies **all** of its salaried employees as exempt, in violation of the Fair Labor Standards Act ("FLSA"), because it has a company-wide policy and practice that requires or permits partial-day deductions for such employees. Therefore, Sutherland does not meet the salary-basis test for any of its exempt employees. *See* 29 C.F.R. § 541.602. This illegal policy has been admitted to, under oath, by Sutherland's Human Resources Manager. Therefore, all of Sutherland's employees classified as exempt are entitled to overtime for time periods where they worked over 40 hours in a week, as required under the FLSA, 29 U.S.C. § 201 *et seq.* Accordingly, Sutherland owes its salaried employees overtime pay, liquidated damages, and all other remedies available under the FLSA.

1

## II. PARTIES

3.  Plaintiff Jasmine Jackson is an individual residing in Texas.  She was employed by Sutherland from approximately July 2012 to January 2016.  Jackson has standing to file this lawsuit.  Her notice of consent is attached as Exhibit #1.

4.  The "Class Members" are "all current and former employees of Sutherland Global Services, Inc. who were classified as salaried exempt employees and worked over 40 hours in a week at any time during the past three years."  Like Plaintiff, these persons were and are engaged in interstate commerce in performing their duties for Defendant.  All of the "Class Members" are similarly situated to Plaintiff and to one another, within the meaning of section 216(b) of the FLSA.

5.  Defendant Sutherland Global Services, Inc. is licensed to do business in the State of Texas, with a principal place of business in Houston, Texas.  It has operations throughout the country. Sutherland may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## III. JURISDICTION AND VENUE

6.  Sutherland has offices in southern Texas, including in the Houston area.

7.  Sutherland employed tens of thousands of employees over the past three years.

8.  Sutherland has engaged in commerce or the production of goods for commerce at all material times, including in 2014, 2015, 2016, and 2017.  Sutherland continues at this time to engage in commerce or the production of goods for commerce.

9.  Sutherland had annual revenues in excess of $500,000 at all material times, and have had annual revenues in excess of $500,000 in 2014, 2015, 2016, and 2017.

10. Sutherland has, at all material times, been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Sutherland has, at all material times, been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. Sutherland employed Plaintiffs at all relevant times within the meaning of the FLSA, 29 U.S.C. § 203(g).

13. Sutherland has, at all material times, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).  Sutherland has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and Sutherland has had and continues to have annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes.

14. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

15. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b) because Sutherland does business in this district and/or a substantial part of the events or omissions giving rise to Jackson's claims occurred in this district.

## IV.  FACTUAL BACKGROUND

16. Jackson worked for Sutherland from approximately July 2012 to January 2016.

17. Class Members were also employed by Sutherland.

18. Jackson and Class Members regularly worked over 40 hours per week.

19. Jackson and Class Members were not paid overtime when they worked over 40 hours in a week.

20. Jackson and Class Members are not exempt from the overtime requirements of the FLSA.

21. Jackson and Class Members were paid on a fixed weekly salary basis while they were employed by Sutherland, regardless as to the number of hours they worked.  But Sutherland

has a policy and/or practice that subjects its salaried employees to partial-day deductions if they work a half-day or less.

22. Specifically, in a separate lawsuit between the parties, Sutherland's Human Resources Manager, Wendy Reed, testified that if a salaried employee worked less than four hours in a day, and does not otherwise utilize PTO for the remainder of the day, he/she is only paid for a half day. *Exhibit #2.* This policy/practice is a blatant violation of the salary-basis test of many overtime exemptions under the FLSA. *See* 29 C.F.R. § 541.602. In fact, even if a salaried employee was not actually deducted for a half-day or partial-day, the mere fact that such employees were "subject to reduction" destroys any potential overtime exemption. *See* 29 C.F.R. § 541.602(a).

23. In performing their duties for Sutherland, Jackson and Class members were engaged in commerce or in the production of goods for commerce.

24. Jackson and Class Members are entitled to overtime at one-and-one-half times his regular rate of pay for all hours worked in excess of forty in a workweek. Sutherland failed to pay them for this overtime.

25. Sutherland's practice of failing to pay overtime compensation violates the FLSA.

26. Sutherland knew or showed reckless disregard for whether its actions violated the FLSA.

27. Sutherland did not act in good faith in attempting to comply with the FLSA.

28. Sutherland has been aware of the FLSA's requirements for more than 3 years.

29. Sutherland willfully violated the FLSA.

## V. CAUSE OF ACTION – FLSA VIOLATION AND FAILURE TO PAY OVERTIME

30. Jackson hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

31. Sutherland violated the FLSA because it failed to pay Jackson and Class Members overtime compensation.

32. Sutherland had an obligation to pay Jackson and Class Members at a rate of one and one-half times their regular rate of pay for all hours they worked in excess of forty in a given workweek.

33. Jackson and Class Members also seek, and are entitled to recover, liquidated damages on their claims under the FLSA. *See* 29 U.S.C. § 216(b). Sutherland did not act in good faith when failing to pay Jackson and Class Members in accordance with the requirements of the FLSA.

34. Sutherland also willfully violated the FLSA and/or showed reckless disregard when attempting to comply with the FLSA. Therefore, Jackson and Class Members are entitled to overtime and liquidated damages for up to three years from the date this lawsuit is filed.

35. Jackson and Class Members are also entitled to recover attorney's fees because of Sutherland's FLSA violations. *See* 29 U.S.C. § 216(b).

## VI.  COLLECTIVE ACTION ALLEGATIONS

36. Sutherland has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis.

37. Jackson brings this action as an FLSA collective action under 29 U.S.C. § 216(b) on behalf of all salaried employees who were or are employed by Sutherland within the three years preceding the filing of this Complaint to the present.

38. Sutherland permitted and/or required Class Members to work over 40 hours per week, but denied them overtime compensation.

39. The Class Members are similarly situated to Plaintiffs because they were all paid on a salary basis, regularly worked over 40 hours per week, but were subject to partial-day deductions and did not receive overtime compensation.

40. Sutherland classified Class Members as exempt from the overtime requirements of the FLSA; however, the Class Members were/are in fact not exempt and are therefore entitled to overtime.

41. The collective action class is properly defined as:

> **All current and former salaried employees of Sutherland Global Services, Inc. who were classified as salaried exempt employees and worked over 40 hours in a week at any time during the past three years.**

42. The names and addresses of the Class Members are available from Sutherland's records.

43. Sutherland also owes Class members an amount equal to the unpaid overtime wages as liquidated damages.

44. Jackson and Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## VII.  JURY DEMAND

45. Jackson demands a trial by jury.

## VIII.  PRAYER FOR RELIEF

46. As a result of the above mentioned actions, Jackson seeks relief as follows::

    a.  An order allowing this action to proceed as a representative collective action under the FLSA;

    b.  Judgment awarding Plaintiff and Class Members all unpaid overtime compensation, liquidated damages, attorney's fees, costs, and expenses under the FLSA;

    c.  Pre-judgment and post-judgment interest; and

    d.  All such other and further relief to which Jackson and Class Members may show themselves to be justly entitled.

Respectfully submitted,

Dated: October 17, 2017                          SUD LAW P.C.


                                                 */s/ Nitin Sud*
                                                 Nitin Sud
                                                 State Bar No. 24051399
                                                 Federal ID No. 611307
                                                 6750 West Loop South
                                                 Suite 920
                                                 Bellaire, Texas 77401
                                                 Phone: 832-623-6420
                                                 Fax: 832-304-2552
                                                 Email: nsud@sudemploymentlaw.com

                                                 *Attorney for Plaintiff*